[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is plaintiff's Motion to Strike the defendant's counterclaim which alleges the plaintiff committed an unfair trade practice by filing this suit.
This suit on a note was instituted about March 15, 1990 by the plaintiff bank against the maker defendant, David A. Mase, when the plaintiff applied for a prejudgment remedy. Thereafter a motion was granted requiring the defendant to disclose his assets. On April 25, 1990 the court granted a Motion to cite in I. Anthony Mase, whom the plaintiff claimed had an interest in the proceedings, because David A. Mase had transferred certain properties to him, including property attached by the plaintiff, for the purpose of hindering, delaying or defrauding creditors of David A. Mase.
On May 1, 1990, the plaintiff was granted a real estate attachment against David A. Mase after a hearing. That attachment liened land, which the plaintiff had applied to attach, belonging to David Mase, but which in an April 19, 1990 amended complaint it asserted had been transferred by David to I. Anthony Mase.
I. Anthony Mase has filed an answer to the complaint and a CT Page 427 counterclaim which asserts that the complaint against I. Anthony Mase is completely without merit in fact or in law and was made solely to harass and intimidate the defendant, and that the plaintiff's actions were unscrupulous, illegal and against public policy and were unfair trade practices in violation of Connecticut General Statutes 42-110b. The plaintiff now moves to strike this counterclaim on the bases that (1) a CUTPA claim cannot be based on the assertion of a legal claim by the plaintiff and (2) the CUTPA claim does not arise out of the plaintiff's trade or commerce. Because the first of the plaintiff's contentions is dispositive of the motion, the second will not be addressed.
Bringing a sham lawsuit could subject the plaintiff to a CUTPA claim. A sham lawsuit is one instituted by a plaintiff in bad faith, on grounds so flimsy that no reasonably prudent person could hold a bona fide belief in the existence of facts necessary to prove the case.
There is a rule that for the purposes of determining a Motion to Strike, the allegations of the non-movant's pleadings like this counterclaim, are admitted. However, that rule cannot serve to require the court to treat that counterclaim in such a way that the court ignores the fact that another superior court judge after a hearing found probable cause to allow a real estate attachment of David Mase and further permitted joinder of I. Anthony Mase as a defendant. The judicial decision establishing probable cause based on the plaintiff's amended complaint was not appealed nor was any Notice of Intention to file an Appeal from it filed. In light of such a finding, although it is possible that the plaintiff may not ultimately prevail, it cannot be said this is a sham lawsuit. This is so because in finding probable cause a judge has determined that the plaintiff has shown a bona fide belief in the facts essential under the law for the action and such as would lead a reasonably prudent person to entertain such belief. Three S Development Co. v. Santore, 193 Conn. 174, 175 (1984).
The question before the court then is whether the filing of a single non-sham complaint with judicially ordered real estate attachment after hearing, can subject the plaintiff to a claim under the Connecticut Unfair Trade Practices Act, by a person who the court specifically ordered joined as a defendant.
Several decisions of the U.S. Supreme Court have treated access to court to redress civil wrongs as a First Amendment
right. See In re Primus, 436 U.S. 412, 422-432, 98 S.Ct. 1893,1900-1905 (1978); Mine Workers v. Illinois State Bar Ass'n,389 U.S. 217, 223, 88 S.Ct. 353, 356 (1967): c.f. Johnson v. Avery,393 U.S. 483, 89 S.Ct. 747 (1969). CT Page 428
Article First Section 10 of the state constitution provides that "all courts shall be open, and every person for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sole denial or delay."
Thus does the First Amendment to the U.S. Constitution grant the right of free access to the courts for the remediation of civil wrongs and Section 10 of Article First of the State Constitution confers a similar right.
Persons using the right of access to court are entitled to know its exercise will not give rise to claims in damages under the Connecticut Unfair Trade Practices Act where a judge has already made a finding of probable cause from which neither Notice or Intent to Appeal nor an Appeal was filed, and where a judge ordered that the defendant being sued be cited in.
A similar issue has come before the Superior Court in the matter of William G. Abrams v. Michael Knowles, 3 Conn. L., Rptr. 13 (1990). In a well reasoned decision Judge Axelrod concluded under similar facts that where a judge had already found probable cause on an attachment, a CUTPA claim could not be filed against a party merely because of the filing of one non-sham lawsuit.
In a federal action, Suburban Restoration Co. Inc. v. ACMAT, 700 F.2d 98, 102 (2d Cir. 1983) the Court of Appeals for the second circuit stated:
 We believe that Connecticut's courts would be guided by the strong suggestions from the federal courts that imposing liability for the act of filing a non-sham lawsuit would present serious constitutional problems, and would construe Connecticut law to avoid those problems. Especially since Noerr-Pennington's statutory exemption is defined in terms of first amendment
activity, we are confident that Connecticut's courts would carve out a similar exception to CUTPA and the common law, whether or not they believed that they were required to do so by the Constitution. In short, we conclude that the activity complained of here — the filing of a single non-sham lawsuit — cannot form the basis of a claim CT Page 429 under CUTPA or Connecticut's common law of tortious interference with a business expectancy.
This court agrees. The Motion to Strike is granted.
FLYNN, JUDGE